CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
AUG 28 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAWWAAD S. BILAL, ) | Civil Action No. 7:09-cv-00322 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Jawwaad Bilal, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names Gene M. Johnson, Director of the Virginia Department of Corrections ("VDOC"), and Gary Bass, Chief of Operations, as the defendants. Plaintiff argues that the defendants violated his constitutional rights when they transferred him to a prison with a higher security classification. After reviewing plaintiff's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff alleges the following facts. Plaintiff did not have any prison infractions noted in his prison record for the past twenty years. (Compl. 6 ¶ 2.) Plaintiff requested a transfer to Brunswick Correctional Center ("BWCC") in October 2007 to be closer to his ailing mother and to receive job-training programs offered exclusively at BWCC. (Id. 6 ¶ 3.) VDOC's Offender Management Division and Central Classification Services ("CCS") had to approve the transfer. (Id. 6 ¶ 2.)

Plaintiff received his transfer in October 2008, and BWCC staff placed him in general population. However, BWCC staff suddenly transferred him to Powhatan Correctional Center ("Powhatan") in December 2008. Plaintiff believed that CCS ordered his transfer to Powhatan

"and BWCC had nothing to do with it." (Id. 8 ¶ 6.) Plaintiff did not understand why the CSS transferred him because he did not have any disciplinary or security infractions. Plaintiff later discovered that defendant Bass ordered his transfer to Powhatan, not the CSS. Plaintiff alleges that Bass had no authority to institute the transfer and violated VDOC policy by ordering it. (Id. 10 ¶ 9 - 11 ¶ 11.)

Plaintiff admits he was later re-transferred back to BWCC. (Id. 13 ¶ 15.) However, plaintiff argues that the transfer to Powhatan subjected him to "conditions . . . [not ]conducive to his personal and mental health[ and] rehabilitative needs" because he shared a cell with a heavy smoker although he is a non-smoker, was sixty miles further away from his family and sick mother, was housed with more than 200 other prisoners, and could no longer participate in trade programs. (Compl. 8 ¶¶ 6-7.) Plaintiff's "composure and self-esteem began to d[i]minish rapidly" after being transferred to Powhatan. (Id. 10 ¶ 7(D).) Plaintiff requests $5,000, a transfer to BWCC, and a detailed explanation why he was transferred from BWCC to Powhatan. (Id. 14.)

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual

2

allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). An inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). States may create liberty interests protected by the Due Process Clause where the freedom from restraint

3

imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, plaintiff's classification or inter-facility transfer did not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor did a transfer to a more secure facility constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because plaintiff does not have a constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. Even though plaintiff alleges that Bass violated VDOC procedures by instituting plaintiff's transfer, a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Furthermore, plaintiff's request

4

for a transfer back to BWCC is moot because he admits the VDOC already transferred him there. Moreover, plaintiff does not establish he has a a constitutional right to educational or vocational programming. See McCray v. Sullivan, 509 F.2d 1332, 1335 (5th Cir. 1975) (citing Smith v. Schneckloth, 414 F.2d 680 (9th Cir. 1960; Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1970); United States v. Pate, 229 F. Supp. 818 (N.D. Ill. 1964)). Plaintiff is also barred from recovering damages for emotional distress without a corresponding physical injury. 42 U.S.C. § 1997e(e). Accordingly, I dismiss plaintiff's complaint for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and strike the case from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 28th day of August, 2009.

*/s/ Jackson L. Kiser*
Senior United States District Judge